# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD BENJAMIN, | * | |
| Petitioner, | * | Criminal No. RDB-14-0048 |
| v. | * | Civil Action No. RDB-17-1254 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Leonard Benjamin ("Petitioner" or "Benjamin") pled guilty before this Court to one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 (ECF No. 116), pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with an agreed sentencing range of 168 months to 252 months. (ECF No. 62.) Consistent with this agreement, this Court sentenced Petitioner to 228 months imprisonment. (ECF No. 115.)

Currently pending before this Court are Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124), a Motion to Relate Back, Alter, Amend or Supplement (ECF No. 127), and a Motion for Leave to Amend (ECF No. 132).[1] For the following reasons, Petitioner's Motion to Relate Back, Alter, Amend or Supplement (ECF No. 127) and Motion

---

[1] Also before this Court are two additional motions. First is a Motion for Leave to File a Reply to the Government's Opposition (ECF No. 131). The Petitioner never attached a reply memorandum, however this Court has accorded liberal construction to the Petitioner's pleadings as required under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Additionally, the Petitioner subsequently filed a Motion to Amend. (ECF No. 132.) For these reasons, the Motion for Leave to File a Reply to the Government's Opposition (ECF No. 131) is MOOT. Second is a Motion Requesting a Date to Reply to the Government's Response in a § 2255 Habeas Proceeding. (ECF No. 102.) This Motion was filed on May 20, 2015, (ECF No. 102), and related to an earlier § 2255 Motion, which has already been granted. (ECF No. 106.) For this reason, the Motion Requesting a Date to Reply to the Government's Response in a § 2255 Habeas Proceeding (ECF No. 102) is MOOT.

1

for Leave to Amend (ECF No. 132) are GRANTED, but Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124) is DENIED.[2]

## BACKGROUND

On July 11, 2014, Benjamin appeared before this Court and pled guilty to conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. (ECF No. 116.) Pursuant to the plea agreement, Benjamin admitted that:

> From no later than 2013, [Benjamin] entered into a conspiracy with others to distribute heroin in the Baltimore, Maryland area. Benjamin would plan trips to New York City during which he would purchase heroin. Benjamin gave the heroin to driver couriers in New York, and the driver couriers would drive the heroin back to Baltimore. Benjamin had other persons who operated stash houses for him in the Baltimore area. Those stash house operators [would] receive the heroin and would deliver the heroin to locations directed by Benjamin.

(ECF No. 62 at 9.)

Benjamin's plea agreement contained a stipulation regarding sentencing. (*Id.*) The parties agreed to a sentence between 168 and 252 months imprisonment, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). (*Id.* at 5.) This Court accepted Benjamin's guilty plea, finding that he knowingly and voluntarily entered into the guilty plea with the assistance of counsel. (ECF No. 116 at 36.) On October 23, 2014, this Court sentenced Benjamin to 228 months imprisonment. (ECF No. 115.)

Subsequently, Benjamin filed a Motion under 28 U.S.C. § 2255, claiming relief on the

---

[2] In two of Petitioner's motions, he requested the appointment of counsel. (ECF Nos. 124, 127.) However, there is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking § 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing § 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

2

ground that his attorney failed to follow Benjamin's instructions for requesting an appeal. (ECF No. 99.) Pursuant to the Government's request (ECF No. 101), and in the interest of preventing unnecessary time and expenses, this Court granted Benjamin's § 2255 Motion, allowing him to file an appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 106.) However, this Court did not rule on the substantive merits of the claim. (*Id.*) The Fourth Circuit dismissed Benjamin's appeal, articulating "that the issue Benjamin seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights." (ECF No. 121.)

On May 8, 2017, Benjamin filed the present Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 124.) Subsequently, on June 26, 2017, Benjamin filed the Motion to Relate Back, Alter, Amend or Supplement. (ECF No. 127.) On August 3, 2017, the Government filed a memorandum in opposition to the § 2255 Motion. (ECF No. 130.) In response to the Government's memorandum, Benjamin filed a Motion for Leave to File a Reply, and finally a Motion for Leave to Amend. (ECF Nos. 131, 132.)

## **STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424 (1962) (citing 28 U.S.C. § 2255). Further, "an error

3

of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428, 82 S.Ct. 468).

## ANALYSIS

In his Motion to Vacate under 28 U.S.C. § 2255, Benjamin argues that: (1) his sentence should be reduced because his sentence was incorrectly enhanced, (2) the statute upon which he was convicted is unconstitutional, and (3) his counsel was ineffective. (ECF No. 124.) Subsequently, in his Motions to Relate Back and for Leave to Amend, Benjamin adds additional grounds for ineffective assistance of counsel. (ECF Nos. 127, 132.) For the following reasons, Benjamin's claims are without merit.

### I. Petitioner Is Not Entitled To Receive a Sentence Reduction

Benjamin contends that he should receive a sentence reduction because: (1) "in light of Amendment 794 the U.S.S.G. § 3B1.1 enhancement is no longer applicable," and (2) a U.S.S.G. § 3B1.1 sentencing enhancement should never have been applied. (ECF No. 124 at 3, 5.) First, a § 2255 Motion to Vacate is not the proper vehicle for these requests. A motion for sentence reduction must be filed under 18 U.S.C. § 3582, not § 2255. *See United States v. Jones*, 143 Fed. App'x 526, 527 (4th Cir. 2005). However, even if Benjamin had properly asserted his claim under § 3582(c)(2), he would not be entitled to a sentence reduction for the following reasons.

#### A. Amendment 794 Does Not Apply Retroactively

On November 1, 2015, the United States Sentencing Commission issued Amendment 794 to the commentary of § 3B1.2 of the U.S.S.G. based on its finding that

4

minor role reductions were "applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva,* 823 F.3d 519, 521 (9th Cir. 2016). Amendment 794 now helps sentencing courts identify "low-level offenders" without a "proprietary interest in the criminal activity" who may be considered for a "mitigating role adjustment." U.S.S.G. App. C. Amend. 794. (Nov. 2015). More specifically, Amendment 794 articulates that "the defendant is to be compared with the other participants in the crime, not with a hypothetical average participant." *Quintero-Leyva*, 823 F.3d at 523 (quoting U.S.S.G. App. C. Amend. 794) (internal quotation marks omitted).

However, the United States Sentencing Commission Guidelines Manual states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a) (Nov. 2015). Amendment 794 is *not* among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review. *See United States v. Brewton*, 684 Fed. App'x 288, 1 (4th Cir. 2017); *United States v. Hunley*, No. 7:14CR00050, 2016 WL 4523417, *1-2 (W. D. Va. Aug. 26, 2016); *Fakhoury v. United States,* No. RDB-14-0178, 2016 WL 4939226, *2 (D. Md. Sept. 14, 2016). Therefore, Amendment 794 did not go into effect until November 1, 2015, well after the Petitioner's sentencing on October 23, 2014, and does not apply retroactively. (ECF No. 62.)

**B. Petitioner's Sentence Was Properly Enhanced Under U.S.S.G. 3B1**

Even if Benjamin's sentence was adjusted upward in accordance with § 3B1.1(a), Amendment 794 would not have impacted his sentencing. Amendment 794 impacts only § 3B1.2 mitigating role adjustments. Benjamin would not have qualified for a mitigating role

5

adjustment pursuant to § 3B1.2 since Benjamin was not a "minor" or "minimal" participant in the conspiracy. Rather, he played an essential role in the heroin conspiracy to which he pled guilty, admitting that:

> [T]he [Petitioner] was an organizer and leader of this criminal activity, in that he [g]ave specific directions and orders to other members of the conspiracy to pick up heroin, transport heroin, and distribute heroin under circumstances set by the [Petitioner]. Other members of the conspiracy did as the [Petitioner] directed, and stored quantities of heroin in stash locations at the [Petitioner's] direction. The parties agree that the criminal activity in this case involved five or more participants, including the [Petitioner], his couriers, and persons involved in the storage and distribution of heroin in the Baltimore area, among other people.

(ECF No. 62 at 10.)

Benjamin argues now, however, that that his sentence was improperly enhanced under U.S.S.C. § 3B1.1(a), which states "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." Benjamin contends that "there were only two (2) co-defendants – three short from the required number of participants." (ECF No. 124 at 5.) The United States Court of Appeals for the Fourth Circuit has long recognized that "in-court representations from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later . . .." *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 Motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations omitted).

Therefore, this Court must give deference to the Statement of Facts from the plea

6

agreement, asserting that there were five or more participants in the conspiracy. (ECF No. 62 at 10.) First, this Court found that Benjamin entered his plea knowingly and voluntarily after a Rule 11 colloquy. (ECF No. 116 at 36.) Moreover, at the end of his plea agreement, Benjamin asserted that "I have read this Statement of Facts and carefully reviewed every part of it with my attorney." (ECF No. 62 at 10.) In sum, Benjamin's argument for a sentence reduction is without merit.

## II. Benjamin's Conviction Is Not Unconstitutional

Benjamin claims that 21 U.S.C. § 846, the statute upon which he was convicted, is unconstitutional. (ECF No. 124.) Section 846 states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Benjamin argues that § 846 is unconstitutional because: (1) 21 U.S.C. § 841, which codifies the underlying offense he was found guilty of in the subchapter of § 846, is unconstitutionally vague and violates his due process rights guaranteed by the Fifth Amendment of the United States Constitution, and (2) 21 U.S.C. § 846 is, by itself, unconstitutionally vague and therefore also violates his due process. (*Id.*) For the following reasons, both claims are without merit.

### A. 21 U.S.C. § 841 Is Not Unconstitutional

First, Benjamin argues that 21 U.S.C. § 841(a) is unconstitutional because it does not prescribe sentencing provisions.[3] (ECF No. 124 at 6.) However, § 841(b) does provide

---

[3] Benjamin asserts that "[i]t is important to recall that Congress intended 841(b) to be wholly separate from 841(a)." (ECF No. 124 at 6.)

7

penalty guidelines for acts proscribed by § 841(a). *See generally* 21 U.S.C. § 841(b) (providing that "any person who violates subsection (a) of this section shall be sentenced as follows").

Second, Benjamin argues that § 841(a), combined with § 841(b), creates a "scheme [which] allows the judge to make the decision that determines the statutory sentencing maximums by a preponderance of the evidence." (*Id.* at 7.) Construing Benjamin's pleading liberally, he appears to argue that § 841 violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the Supreme Court of the United States articulated that the legislature cannot "remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." However, the Fourth Circuit has held that § 841 does not violate *Apprendi*. *United States v. McAllister*, 272 F.3d 228 (4th Cir. 2001); *United States v. Jones*, No. 7:13CR00038-3, 2017 WL 1410848, *4-5 (W.D. Va. Apr. 19, 2017). In *McAllister*, the Fourth Circuit articulated that § 841 merely defines the crime and stipulates guidelines for penalty ranges. 272 F.3d at 232 (citations omitted). Therefore, § 841 does not violate *Apprendi* since the statute does not "prescribe a process by which the elements of the crime and other relevant facts must be determined." *Id.* (citations omitted).

Finally, Benjamin claims that because "§ 841(b) clearly fails to list a penalty provision for subsection[(a)](2) of the statute – it fails to give ordinary people fair notice of the conduct it punishes." (ECF No. 124 at 9.) Benjamin contends, by extension, that if § 841(a)(2) is unconstitutional, then § 841, in its entirety, is unconstitutionally vague and violates due process rights guaranteed by the Fifth Amendment. (*Id.*) However, as addressed

above, § 841(b) adequately prescribes penalty guidelines for both § 841(a)(1) and § 841(a)(2). Therefore, this claim is without merit and § 841 is not unconstitutional.[4]

### B. 21 U.S.C. § 846 Is Not Unconstitutional

Benjamin next claims that 21 U.S.C. § 846 is unconstitutionally vague and violates Due Process. (ECF No. 124 at 11.) A statute is unconstitutionally vague and violates the Due Process Clause of the Fifth Amendment when it does not provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, or is so vague as to encourage arbitrary and discriminatory enforcement. *United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *Buckley v. Valeo*, 424 U.S. 1, 77 (1976)). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Cavillo-Rojas*, 510 Fed. App'x. 238, 249 (4th Cir. 2013) (citations omitted).

Benjamin argues that § 846 is unconstitutionally vague because it "does not adequately inform citizens as to what is illegal" and "does not prohibit criminal activity, it [only] prohibits thinking about it." (ECF No. 124 at 11.) Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." This language explicitly prohibits one from attempting or conspiring to commit any offense codified in subchapter I of Chapter 13 of Title 21 of the United States Code, which encompasses 21 U.S.C. § 841. As addressed *supra*,

---

[4] Benjamin also argues that "[i]n cases where a defendant's sentence has been enhanced under the provision of § 841(b) which allows or invites a statutory enhancement under 21 U.S.C. § 851, the Due Process is violated solely because the § 841 statute is unconstitutionally vague from the beginning." (ECF No. 124 at 8-9.) However, the Government did not file a § 851 enhancement. (ECF. No. 130 at 14.) For this reason, the argument will not be addressed.

9

§ 841 is not unconstitutionally vague. Moreover, the words "attempt" and "conspire" are not ambiguous. *See United States v. Collins*, 272 F.3d 984 (7th Cir. 2001) (holding that a defendant's argument that § 846 is unconstitutionally vague because "it does not define an 'attempt or conspiracy' is without merit"); *see also United States v. Jones*, No. 7:13CR00038-3, 2017 WL 1410848, *5 (W.D. Va. Apr. 19, 2017) (holding that § 846 is not unconstitutionally vague).

Finally, the facts in the present case demonstrate that Benjamin intentionally entered into the conspiracy. Benjamin conceded, through the plea agreement, that he "was an organizer and leader of this criminal activity." (ECF No. 62 at 10.) Therefore, § 846 is not vague in light of the facts at hand. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (citations omitted) (holding that to "prove conspiracy . . . the Government must establish that . . . the defendant knowingly and voluntarily became a part of the conspiracy").

### III. Petitioner's Counsel Was Not Ineffective

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984); *see also United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2013) (holding that "[t]he defendant bears the burden of proof as to both prongs of the standard").

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption

10

that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

First, Benjamin argues that his counsel was ineffective for failing to inform him that he was a Career Offender, pursuant to U.S.S.G. § 4B1.1. (ECF No. 124 at 12.) Benjamin appears to argue that he would not have pled guilty if he knew that he was a Career Offender. However, Benjamin signed the plea agreement, acknowledging that he had read it and carefully reviewed every part of it with his attorney. (ECF No. 62 at 8.) The plea agreement stated that "[t]he Defendant understands that . . . his criminal history could alter his offense level if he is a career offender." (*Id.* at 4.) Additionally, this Court found that Benjamin's "plea of guilty, on the advice of competent counsel, with whose services he is satisfied, is a knowing and voluntary plea supported by an independent basis in fact sustaining each of the essential elements of the offense charged." (ECF No. 116 at 36.) Therefore, this argument fails both *Strickland* prongs as Benjamin objectively knew that his sentencing could be influenced by a Career Offender classification.

11

Second, Benjamin claims that his counsel was ineffective by failing to object to Career Offender sentencing enhancements in the PSR. (ECF No. 124 at 14.) Specifically, Benjamin argues that his counsel failed to argue that three of Benjamin's prior convictions[5] should have been grouped together as one conviction, since they were all "part of a common scheme or plan." (*Id.* at 14-15.) Benjamin's argument fails the prejudice prong since Benjamin was properly categorized as a Career Offender. Moreover, Benjamin's attorney did not perform unreasonably. During the sentencing proceeding, counsel argued:

> [W]e understand that, yes, [Benjamin] is technically a career offender . . . . [and] we recognize that it would be multiple convictions because you have the intervening factor. He was released, and then he was picked up on a separate case. We definitely understand that from a legal standpoint. . . . [However,] we do feel that in terms of him being totally viewed as a career offender, it's overrepresentative in terms of what the actual crime was that he participated in and at that point in time within his life and his understanding of what he was pleading guilty to.

(ECF No. 115 at 21-22.) Counsel reasonably recognized that Benjamin was a Career Offender, yet attempted to mitigate the categorization. In fact, this Court gave credence to counsel's argument and granted Benjamin a one-level downward departure on his criminal history categorization. (*Id.* at 26-27.) Therefore, the *Strickland* performance prong is not met.

Third, Benjamin argues that counsel was ineffective for failing to object to a U.S.S.G. § 3B1.1 enhancement, following Benjamin's claim that there were only three participants in the conspiracy. (ECF No. 124 at 16.) This argument fails the performance prong since the

---

[5] The convictions are as follows: First, on July 4, 2003 Benjamin was charged with the Distribution of Heroin and was released on bond on July 5, 2003. (ECF No. 85 at 5.) Second, on November 11, 2003, Benjamin was charged with the Distribution of Heroin and was released on bond on December 4, 2003. (*Id.* at 11.) Third, on February 12, 2004, Benjamin was charged with the Distribution of Cocaine and Conspiracy to Distribute Cocaine, however, Benjamin was held without bond. (*Id.* at 12.) Benjamin pled guilty to all three counts on October 12, 2004. (*Id.* at 11-12.)

sentencing transcript demonstrates that counsel did in fact object to a § 3B1.1 enhancement. (ECF No. 115.) Although Counsel did not dispute the number of participants, it would be unreasonable to expect counsel to do so as indicated *supra*, in I.C., that such argument is without merit.

Fourth, in his Motion to Relate Back, Alter, Amend or Supplement, Benjamin argues that trial counsel was ineffective for failing to provide appellate counsel with his full District Court records. (ECF No. 127 at 2.) Specifically, Benjamin asserts that "[t]his failure has also caused Petitioner to abandon issues not raised and argued in his initial brief on appeal." (*Id.*) Benjamin does not articulate what these issues are since he believes that the issues are "confidential in nature." (*Id.*) Therefore, Benjamin does not meet his burden of proof of showing prejudice. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (holding that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court" (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)). Additionally, this argument fails the prejudice prong since the Fourth Circuit dismissed Benjamin's appeal in accordance with the appellate waiver, in Benjamin's plea agreement. (ECF No. 121.)

Finally, in his Motion for Leave to Amend, Benjamin claims that counsel was ineffective due to a conflict of interest, which hindered counsel's performance. (ECF No. 132. at 1.) Benjamin asserts that his attorney represented both him and another individual who was indicted with him. (ECF No. 132. at 2.) However, records indicate that his two co-defendants were never represented by the same counsel as Benjamin. (ECF No. 50.)

Therefore, his ineffective assistance of counsel claims are without merit and Benjamin's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 124) is DENIED.

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion to Relate Back, Alter, Amend or Supplement (ECF No. 127) and Motion for Leave to Amend (ECF No. 132) are GRANTED, but Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124) is DENIED. Further, Petitioner's Motion for Leave to File a Reply to the Government's Opposition (ECF No. 131) and Motion Requesting a Date to Reply to the Government's Response in a § 2255 Habeas Proceeding (ECF No. 102) are MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Benjamin's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: February 6, 2018

                                                    _____/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge