IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-14-0048 |
| LEONARD BENJAMIN, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Leonard Benjamin ("Benjamin" or "Defendant") is currently serving a sentence of 228 months' incarceration for his involvement in a conspiracy to distribute heroin in the Baltimore, Maryland area between 2013 and February 2014. (ECF No. 62 at 9; ECF No. 87.) On July 11, 2014, Benjamin pled guilty to Count One of the Superseding Indictment, which charged him with conspiring to distribute one kilogram or more of heroin in violation of 21 U.S.C. 846. (ECF No. 57 at 1; ECF No. 62; ECF No. 116.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate sentence was between 168 months and 252 months. (ECF No. 62.) Consistent with the plea agreement, this Court sentenced Benjamin to 228 months' imprisonment, to be followed by a 5-year term of supervised release. (ECF Nos. 87, 115.)

Presently pending is Benjamin's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion" or "Motion for Compassionate Release") (ECF No. 144), which was supplemented by counsel (the "Supplement") (ECF No. 149).[1] Through his

---

[1] On October 18, 2021, between the time Benjamin filed his *pro se* Motion (ECF No. 144) and his counsel filed the supplement thereto (ECF No. 149), Benjamin filed a motion to appoint a Criminal Justice Act ("CJA")

*pro se* Motion, Benjamin cites concerns about the spread of COVID-19 at his place of incarceration and seeks a reduction in his sentence, or alternatively, transfer to home confinement. (ECF No. 144.) And through the Supplement to his Motion filed by counsel, Benjamin requests that his sentence be reduced to time served, or alternatively, to 135 months, and that his supervised release be reduced from five to two years. (ECF No. 149.) In his Supplement, Benjamin contends that his rehabilitative efforts (*id.* at 8–12), a disparity in sentencing (*id.* at 12–23), the length of his sentence (*id.* at 23–24), the amount of time served (*id.* at 24–26), a change in law (*id.* at 26–32), and his lack of danger to others (*id.* at 32–35) establish extraordinary and compelling reasons justifying his early release. The Government opposes the Motion and Supplement (ECF No. 154), and Benjamin filed a reply to the Government's opposition (ECF No. 157). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). Defendant's Supplement is GRANTED to the extent it seeks authorization to supplement his Motion; thus, the Court will consider the substantive arguments contained therein. Further, and for the reasons stated herein, Defendant Leonard Benjamin's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 144) as supplemented by counsel (ECF No. 149) is DENIED with respect to his request for a time served sentence but is GRANTED as to a sentence reduction. Specifically, Benjamin's total sentence will be reduced from 228 months to 180 months of incarceration.

---

attorney to represent him with respect to his Motion for Compassionate Release. (ECF No. 147.) Given that Benjamin is now represented by counsel in regard to his Motion (ECF No. 150), his motion to appoint a CJA attorney is now moot.

## BACKGROUND

Pursuant to his plea agreement, Benjamin admitted that:

> From no later than 2013, [Benjamin] entered into a conspiracy with others to distribute heroin in the Baltimore, Maryland area. Benjamin would plan trips to New York City during which he would purchase heroin. Benjamin gave the heroin to driver couriers in New York, and the driver couriers would drive the heroin back to Baltimore. Benjamin had other persons who operated stash houses for him in the Baltimore area. Those stash house operators [would] receive the heroin and would deliver the heroin to locations directed by Benjamin.

(ECF No. 62 at 9.)

On July 8, 2014, a federal grand jury issued a Superseding Indictment charging Benjamin with three counts, namely: (1) conspiracy to distribute and intent to distribute heroin, in violation of 21 U.S.C. § 846 ("Count One" of the Superseding Indictment); (2) possession with intent to distribute heroin on or about October 20, 2013, in violation of 21 U.S.C. § 841(a)(1) ("Count Two" of the Superseding Indictment); and (3) possession with the intent to distribute heroin on or about February 7, 2014, in violation of 21 U.S.C. § 841(a)(1) ("Count Three" of the Superseding Indictment) (ECF No. 57).

On July 11, 2014, Benjamin pleaded guilty to Count One of the Superseding Indictment, conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (ECF No. 62.) Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated as part of Benjamin's guilty plea that the appropriate sentencing range was between 168 months and 252 months. (*Id.* at 5.) At the sentencing hearing, the Court determined that Benjamin qualified as a "career offender" under § 4B1.1 of the U.S. Sentencing Guidelines, and the Court factored this designation into its sentencing decision. (ECF No. 115 at 17–28.) Ultimately, on October 23, 2014, this Court sentenced Benjamin to 228 months of

imprisonment with credit for time served since February 7, 2014, and with a 5-year term of supervised release upon release from imprisonment. (ECF Nos. 87; 115.)

Subsequently, Benjamin filed two motions for relief under 28 U.S.C. § 2255. (ECF Nos. 99; 124.) With respect to his first § 2255 motion (ECF No. 99)—wherein Benjamin claimed relief on the ground that his attorney failed to follow his instructions for requesting an appeal—pursuant to the Government's request (ECF No. 101), in the interest of preventing unnecessary time and expense, and without ruling on the merits of Benjamin's substantive claim, this Court granted the motion to the extent that Benjamin was permitted to file his requested appeal. (ECF No. 115.) The Fourth Circuit then dismissed Benjamin's appeal. (ECF No. 121.) This Court denied Benjaman's second § 2255 motion (ECF No. 124) upon consideration of the claims set forth therein. (ECF Nos. 133; 135.) Benjamin then appealed this Court's denial of his second § 2255 motion (ECF No. 136), but the Fourth Circuit dismissed his appeal. (ECF Nos. 140; 143.)

On August 30, 2021, Benjamin filed the pending *pro se* Motion for Compassionate Release (ECF No. 144), which was supplemented by counsel on July 3, 2024. (ECF No. 149.) Through his *pro se* Motion, Benjamin seeks a reduction in his sentence, or alternatively, transfer to home confinement on the grounds that he has certain underlying medical conditions rendering him more susceptible to complications caused by COVID-19, which he contends presents an extraordinary and compelling reason to grant him compassionate release. (ECF No. 144.) And through the Supplement to the Motion filed by counsel, Benjamin seeks a reduction in his sentence to time served, or alternatively, to 135 months, and a reduction of his supervised release from five to two years. (ECF No. 149.) As grounds for his Supplement,

Benjamin contends that his rehabilitative efforts (*id.* at 8–12), a disparity in sentencing (*id.* at 12–23), the length of his sentence (*id.* at 23–24), the amount of time served (*id.* at 24–26), a change in law (*id.* at 26–32), and his lack of danger to others (*id.* at 32–35) constitute extraordinary and compelling reasons justifying his early release.

On August 16, 2024, the Government filed a response in opposition to the Motion and Supplement. (ECF No. 154.) Therein, it asserts that Benjamin's *pro se* Motion is moot, as the COVID-19 pandemic "state of emergency" condition existing at the time the Motion was filed in August 2021 "has long since ended[.]" (ECF No. 154 at 1 n.1.) With respect to the Motion's Supplement, the Government argues that none of the grounds asserted by Benjamin constitute extraordinary and compelling reasons for a sentence reduction (*id.* at 5–13), that allowing a reduction in sentence would be inconsistent with the 18 U.S.C. § 3553(a) factors (*id.* at 13–20), and that Benjamin cites no authority warranting a reduction in the period of his supervised release. (*Id.* at 20–21.) On September 26, 2024, Benjamin, through counsel, replied to the Government's opposition, contesting the Government's arguments. (ECF No. 157.) The Motion as supplemented is ripe for review.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

As a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization. *Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception to that rule is the doctrine of compassionate release, which permits sentence

reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file a motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and that the factors in 18 U.S.C. § 3553(a) "merit a reduction." 18 U.S.C. § 3582(c)(1)(A); *United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020); *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). As relevant here, the Sentencing Commission's current policy statement, U.S.S.G. § 1B1.13, identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

(1) a serious medical circumstance of the defendant;
(2) a defendant who is at least 65 years old and suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
(3) the death or incapacitation of an immediate family member
(4) the defendant being a victim of abuse while in custody;
(5) other reasons of similar gravity as (1)–(4); and
(6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

Finally, the court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. *See Kibble*, 992 F.3d at 330–32;

*see also United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022). Section 3553(a) requires that the court consider the following factors when imposing a sentence: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. §, 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, CCB-95-202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

## ANALYSIS

### I.  Administrative Exhaustion Requirements.

Benjamin has met his administrative exhaustion requirements. To establish that he has exhausted all administrative remedies, Benjamin provided his written request to the Warden of his institution asking for compassionate release. (ECF No. 149 at 3; ECF No. 149-1.) Benjamin has met his administrative exhaustion requirements, as well over thirty days have elapsed since the time Benjamin submitted his request to the Warden. 18 U.S.C. § 3582(c)(1)(A).

### II.  Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 944(t). While the district court holds broad discretion in analyzing extraordinary and compelling reasons, it must remain consistent with "applicable policy

statements issued by the Sentencing Commission." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir.) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).  As the Fourth Circuit noted, there had previously been "no applicable policy statements to reference;" however, that changed on November 1, 2023.  *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *13 (D. Md. May 6, 2024).

Prior to the November 1, 2023 amendment, the relevant policy statement codified in U.S.S.G. § 1B1.13 read: "Upon motion of the *Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment."  U.S.S.G. § 1B1.13 (2021) (emphasis added).  The Fourth Circuit interpreted this language to not include defendant-filed motions.  *McCoy*, 981 F.3d at 281 ("When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of the district courts.").  Thus, district courts could "consider any extraordinary and compelling reasons for release." *Id.* at 284 (citation omitted).

Congress amended this policy statement to read: "Upon motion of the Director of Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment."  U.S.S.G. § 1B1.13 (2023) (emphasis added).  Therefore, the current policy statement, which became effective November 1, 2023, applies to defendant-filed motions.  *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14; *Davis*, 99 F.4th at 653–54; *United States v. Taylor*, No. ELH-12-0570, 2023 U.S. Dist. LEXIS 222428, at *9–10 (D. Md. Dec. 14, 2023).  The updated language of § 1B1.13 conflicts with *McCoy*'s conclusion—which was based

on the pre-amendment language—that the policy statement does not apply. *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14–15. The amended version of § 1B1.13 consequently does restrict courts to follow its policy statement. *Id.*

As noted *supra*, U.S.S.G. § 1B1.13(b)(1)–(6) identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

(1) a serious medical circumstance of the defendant;
(2) a defendant who is at least 65 years old and suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
(3) the death or incapacitation of an immediate family member
(4) the defendant being a victim of abuse while in custody;
(5) other reasons of similar gravity as (1)–(4); and
(6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Previously, the Supreme Court required that district courts consider any non-frivolous argument for sentencing reduction based upon intervening changes in the law. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). Relevant to the instant motion, the newly relevant § 1B1.13(c) clarifies that a change in the law does not constitute an extraordinary and compelling reason except as defined in § 1B1.13(b)(6). U.S.S.G. § 1B1.13(c); *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *12. Section 1B1.13(b)(6) provides, in relevant part, that "[i]f a defendant received an unusually long sentence and has served at least 10 years" of that sentence, the Court may consider a non-retroactive change in the law "in determining whether the defendant presents an extraordinary and compelling reason, but only where such change [in the law] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." § 1B1.13(b)(6).

Furthermore, rehabilitation alone may not serve as an extraordinary and compelling reason, but a court may consider rehabilitation in combination with other circumstances. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 944(t).

Here, while Benjamin's purported medical conditions' effect on his susceptibility to COVID-19 risks do not establish an extraordinary and compelling reason warranting compassionate release,[2] his contention that he has served over 10 years of his sentence and that a change in law produced a gross disparity between the sentence he is serving and the sentencing he would receive today aligns with § 1B1.13(b)(6). Since Benjamin has served more than 10 years of his sentence,[3] the timing requirement of § 1B1.13(b)(6) is met. Moreover, as Benjamin suggests (ECF No. 149 at 28)—and as the Government concedes (ECF No. 154 at 10 n.4)—in light of the Fourth Circuit's holding in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), Benjamin would no longer qualify as a career offender if he were sentenced today for conspiracy to distribute heroin. In *Norman*, 935 F.3d at 237, the Fourth Circuit held that a § 846 drug conspiracy conviction no longer constitutes a "controlled substance offense"

---

[2] While the 2023 amendments to U.S.S.G. § 1B1.13, particularly U.S.S.G. § 1B1.13(b)(1)(D), reinforce prior holdings of this Court that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction, *see, e.g.*, *Davis*, 99 F.4th at 654, as Judge Hollander of this Court has noted, "the coronavirus is 'not tantamount to a get out of jail free card.'" *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)). Accordingly, for COVID-19 to constitute an "extraordinary and compelling" circumstance, the defendant must prove that he has a "particularized susceptibility" to COVID-19. *See, e.g., United States v. Petway*, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022). The defendant must also prove that his "risk of contracting COVID-19 is higher in prison than outside of prison." *Davis*, 99 F.4th at 655. Here, Benjamin represents that he has certain medical conditions—namely, obesity, hyperlipidemia, and hypertension—which render him more susceptible to complications caused by COVID-19. (ECF No. 144 at 30–36.) But Benjamin has not proved that these conditions render him particularly susceptible to severe risks caused by COVID-19, nor has he established that there is a higher risk of him contracting COVID-19 in prison than there is outside of prison. Accordingly, the effects of Benjamin's medical conditions in relation to COVID-19 do not establish an extraordinary and compelling reason warranting compassionate release.
[3] Benjamin has been incarcerated since February 7, 2014. (ECF No. 87 at 2.)

within the meaning of U.S.S.G. § 4B1.2(b). Thus, today, under *Norman*, Benjamin's drug conspiracy conviction would not trigger a career offender designation. Based on this change in the law, if Benjamin were sentenced today without the career offender designation, his sentencing guidelines would have been reduced. And although Benjamin's current sentence falls below the guidelines at the time he was sentenced as well as the revised guidelines, it is impossible for the Court to say that Benjamin's career offender designation was insignificant to the Court in arriving at the sentence it imposed. Simply stated, if Benjamin were sentenced today without the career offender designation resulting from a change in the law, the Court would have factored this into its determination and likely imposed a lesser sentence. The Court thus finds that the sentencing disparity between Benjamin's current sentence and the likely sentence under current law is an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(6). The Court is particularly moved by Benjamin's continued and admirable efforts to rehabilitate himself while incarcerated.

### III.  Application of 18 U.S.C. § 3553(a).

Once a court has determined the existence of extraordinary and compelling reasons warranting a reduction in a defendant's sentence, it must consider whether a sentence reduction is consistent with the applicable 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(2); *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *12. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative

services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.   18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471, at *4.

On balance, the 18 U.S.C. § 3553(a) factors support a reduction in Benjamin's sentence. Preliminarily, this Court notes that Benjamin's criminal history is extensive, and the nature of the drug conspiracy crime underlying the instant conviction is serious. Benjamin's sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to deter criminal conduct. On the other hand, Benjamin's evidence of commendable post-sentencing rehabilitation weighs in favor of sentence reduction. *See Pepper v. United States*, 462 U.S. 476, 491 (2011) (holding that "evidence of postsentencing rehabilitation may be plainly relevant to 'the history and characteristics of the defendant'" and "'the need for the sentence imposed'" (quoting 18 U.S.C. § 3553(a))). While Benjamin's behavior while incarcerated has not been perfect (ECF No. 149 at 10), he has demonstrated an unwavering commitment to bettering himself, taking advantage of educational and rehabilitative courses and, for over two years, consistently holding a job while incarcerated, where he receives positive evaluations. (*Id.* at 8–10.)

Further, § 3553(a)(6) allows for the comparison of a defendant's sentence to his codefendants' sentences to determine if there are any unwarranted sentence disparities. *See United States v. Graham*, No. 21-6613, 2022 WL 1172169, at *2 (4th Cir. Apr. 20, 2022) (per curiam) (vacating district court's order and remanding case for further proceedings, in part, because district court "failed to consider" argument that there existed an unwarranted "sentencing disparity between [the defendant] and his codefendants."); *United States v. Eccleston*,

573 F. Supp. 3d 1013, 1017 (D. Md. 2021) (finding that the disparities between the defendant's sentence with his codefendants' sentences "support[ed] the conclusion that the § 3553(a) factors support early release . . ."). Benjamin was sentenced to 228 months of incarceration for a conspiracy to distribute drugs in violation of 21 U.S.C. § 846. (ECF Nos. 87; 115.) His codefendants, Darlene Lee ("Lee") and Marquita Davis ("Davis"), were similarly convicted under § 846, but Lee only received a one-year sentence, and Davis only received a time-served sentence (with supervised release). (ECF No. 95 *SEALED*; ECF No. 94; ECF No. 73.) While it is true Benjamin's circumstances differ from his codefendants' in that he played a leadership role in the conspiracy (ECF No. 115 at 5), his lengthy sentence incorporates this difference. But even factoring in Benjamin's elevated role, the 18-year difference between his sentence and his codefendants' sentences remains an unwarranted disparity supporting the need for a reduced sentence. Accordingly, the Court finds that, while the relevant § 3553(a) factors do not support Benjamin's immediate release, they do support a reduction in his sentence.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 15th day of November, 2024, that: Defendant Leonard Benjamin's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 144), as supplemented (ECF No. 149), is DENIED with respect to his request for a time served sentence, but is GRANTED as to a sentence reduction. Specifically, Benjamin's total sentence will be reduced from 228 months to 180 months of incarceration.

A separate Order follows.

/s/
_____
Richard D. Bennett
United States Senior District Judge